IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 CR 65

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| THOMAS A. LEMON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#26) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Fredilyn Sision, and the Government was present through Assistant United States Attorney, Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The records in the cause show that Defendant was charged in a bill of information (#1) filed on August 11, 2014 with one count of submitting false claims

1

upon an agency of the United States in violation of 18 U.S.C. § 287. A hearing was held in regard to the release of Defendant on August 10, 2015 and on that date the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On October 13, 2015, Defendant appeared before the undersigned and entered a plea of guilty (#20) to the charge presented in the bill of information. Defendant was continued on terms and conditions of supervised release.

On October 16, 2015 Defendant tested positive for the use of cocaine. This test was confirmed on October 25, 2015. On October 21, 2015 Defendant tested positive for the use of cocaine and on October 28, 2015 Defendant admitted his drug use and reported he had used cocaine every other day from October 12, 2015 to October 25, 2015.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

    (1)    finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2)    finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
        (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence and the admission of Defendant, the undersigned finds there is probable cause to believe Defendant committed a federal and a state crime while on release. The use of cocaine is a misdemeanor under federal law. 21 U.S.C. § 844. The possession and use of cocaine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant has committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

3

There has been shown by clear and convincing evidence that Defendant violated the condition of release that ordered that he refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. Cocaine is a drug that is not prescribed by any licensed medical practitioner and Defendant has admitted he has been using that substance during the period from October 12, 2015 through October 25, 2015.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that

Defendant be detained pending sentencing and further proceedings in this matter. Should Defendant's counsel find a suitable and approved inpatient drug treatment program for Defendant, the defense counsel is invited to file a motion in the cause requesting that Defendant be released for drug treatment in this matter.

IT IS FURTHER **ORDERED** that the Clerk shall schedule a plea hearing regarding the Defendant for December 2, 2015. The record shows that Defendant entered a plea of guilty on October 13, 2015 and he has now admitted he used cocaine on October 12, 2015. This drug usage brings the plea of Defendant into question. The undersigned will conduct another Rule 11 proceeding on December 2, 2015 at a time when the undersigned can be assured that Defendant has not used an unauthorized controlled substance prior to the Rule 11 proceeding.

Signed: November 23, 2015

_____
Dennis L. Howell
United States Magistrate Judge